IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID POLING,                                      Case No. 21-
A Michigan Resident,

    Plaintiff,                                  HON.

v.

GERDAU MACSTEEL, INC.,
a Foreign Profit Corporation,
GERDAU AMERISTEEL US INC.,
a Foreign Profit Corporation,

    Defendants.
_____/
**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 FAX
cmorgan@courtneymoganlaw.com
bkeck@courtneymorganlaw.com
_____/

There is no other pending civil action arising out of
the transaction or occurrence alleged in the complaint.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1

NOW COMES Plaintiff, DAVID POLING, by and through his attorneys, LAW OFFICES OF COURTNEY MORGAN, PLLC, and states as their cause of action against the above-named Defendants the following:

## JURISDICTION AND VENUE

1.    Plaintiff David Poling is a resident of the Village of Addison, County of Lenawee, State of Michigan.

2.    Defendant Gerdau Macsteel, Inc. (hereinafter "Gerdau") is a Foreign Profit Corporation incorporated under the laws of the State of Delaware that at all times herein relevant, transacted and did business in the County of Monroe, State of Michigan, with headquarters located in Sao Paulo, Brazil and a North American Headquarter located in Tampa, Florida.

3.    Defendant Gerdau Ameristeel US, Inc. (hereinafter "Gerdau") is a Foreign Profit Corporation incorporated under the laws of the State of Florida that at all times herein relevant, transacted and did business in the County of Monroe, State of Michigan, with headquarters located in Tampa, Florida.

4.    The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs, and attorney fees.

5.    Diversity jurisdiction is proper under 28 USC § 1332(a)(1).

6.    Venue is proper under USC § 1391(b)(1)&(2) since it is the location of the acts and occurrences which form the basis of this complaint.

## **FACTUAL ALLEGATIONS**

7.      Defendant Gerdau at all relevant times owned, operated, and controlled the Gerdau Macsteel facility located in the County of Monroe, State of Michigan (hereinafter referred to as "Gerdau").

8.      Upon knowledge and belief, Defendant Gerdau, as principal, entered into a contractual relationship with Leimenstoll Services LLC (hereinafter "Leimenstoll") as contractor to perform work undertaken by Gerdau at the Gerdau Monroe facility.

9.      Pursuant to this engagement and the level of control maintained by Defendant Gerdau, Leimenstoll was Gerdau's agent with respect to work performed at the Gerdau Macsteel facility in Monroe, Michigan during the time period at issue here.

10.     Plaintiff David Poling at all pertinent times was an employee of Leimenstoll.

11.     Upon knowledge and belief, Defendant Gerdau retained control over Leimenstoll, while Leimenstoll was engaged in the performance of work at the Gerdau Monroe Facility.

12.     Defendant Gerdau retained control by:

   a.      Directly assigning tasks to Leimenstoll employees, such as Plaintiff;

b.    Supervising Leimenstoll employees, such as Plaintiff;

c.    Creating pre-task instructions and safety requirements for tasks performed by Leimenstoll;

13.    On March 27, 2018, Plaintiff David Poling was assigned to the Gerdau Monroe Facility to perform work as a welder.

14.    On that same day, the Leimenstoll crew, including Plaintiff Poling, were assigned by Gerdau to a building called the finishing building.

15.    Upon knowledge and belief, the supervisor for the work being performed by the Leimenstoll crew, including Plaintiff, was a Gerdau employee by the name of Allen.

16.    The Gerdau employee, identified as Allen, stopped by to check on the work performed by the Leimenstoll crew at least twice before the accident.

17.    On March 27, 2018, the Leimenstoll crew was in the process of lifting I-beams which were welded together in a rectangle and rotate them, so that it could be installed at the top of the structure within the Gerdau Monroe Facility being built by Leimenstoll for Gerdau.

18.    No pre-task plan was created by Defendant Gerdau and submitted to the Leimenstoll crew.

19.    The Leimenstoll crew looped several straps around an I-beam attached to forks of a telehandler on either side.

4

20.     As the beams were lifted, a strap or straps came loose causing the beams to fall striking the Plaintiff's feet.

21.     Plaintiff was taken to ProMedica Monroe Regional Hospital for his injuries.

22.     X-rays revealed there were three metatarsal fractures in his right foot and four metatarsal fractures in his left foot.

## COUNT I – NEGLIGENCE AS TO DEFENDANT GERDAU MACSTEEL, INC.

Plaintiff hereby realleges and incorporates by reference each and every paragraph above, as though fully set forth herein, and further states the following:

23.     Defendant Gerdau, including its agent Leimenstoll, were under a duty to ensure that the work was conducted in a safe manner to ensure that workers, such as Mr. Poling were not exposed to dangerous conditions.

24.     Defendant Gerdau, and its agents, had a duty to properly supervise their agents to ensure that the work was conducted in a safe manner.

25.     Defendant Gerdau, and its agents, breached their duty in the following ways:

      a.     Failure to properly supervise;

      b.     Failure to create an appropriate pre-task instruction for work performed by the Leimenstoll crew; and,

      c.      Failure to ensure compliance with safety requirements for tasks performed by Leimenstoll.

26.    As a direct and proximate cause of Defendant Gerdau's acts and omissions, Mr. Poling suffered injuries including but not limited to:

      a.      Multiple fractures in right foot;

      b.      Multiple fractures in left foot;

      c.      Complex regional pain syndrome;

      d.      Pain, suffering, and emotional distress, past, present, and future;

      e.      Humiliation, mortification, fright, and embarrassment, past, present, and future;

      f.      Medical expenses;

      g.      Loss of earning capacity;

      h.      Permanent disability and disfigurement;

      i.      Emotional and mental suffering, past, present, and future;

      j.      Loss of enjoyment of life past, present, and future;

      k.      Attorney fees and legal costs;

      l.      Any and all other injuries and damages found to be appropriate by the trier of fact.

WHEREFORE Mr. Poling requests that this Court award damages against Defendant Gerdau Macsteel, Inc. in an amount not less than Seventy-Five Thousand

($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

## COUNT II - VICARIOUS LIABILITY ON BEHALF OF DEFENDANT GERDAU MACSTEEL, INC.

Plaintiff hereby restates, realleges and incorporates by reference each and every paragraph above, as though fully set forth herein, and further states, the following:

27.    At all times pertinent to this complaint, Leimenstoll was acting as an agent of Defendant Gerdau. As such, Gerdau is vicariously liable for the negligent acts and/or omissions of Leimenstoll, as more fully noted above or as determined through the course of discovery, as well as the damages flowing from said acts and/or omissions as described above.

**WHEREFORE**, Mr. Poling requests that this Court award damages against Defendant Gerdau Macsteel, Inc. in an amount not less than Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests, costs, and attorney fees, and grant any other relief it deems equitable under the circumstances and as made and provided in Michigan law.

Respectfully submitted,

LAW OFFICES OF COURTNEY
MORGAN PLLC

BY:   /s/ Brian T. Keck
        COURTNEY E. MORGAN, JR. (P29137)
        BRIAN T. KECK (P77668)
        Attorneys for Plaintiff
        3200 Greenfield, Suite 355
        Dearborn, MI 48120-1802
        (313) 395-2568

DATED:  March 12, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID POLING,                                          Case No. 21-
A Michigan Resident,

      Plaintiff,                                          HON.

v.

GERDAU MACSTEEL, INC.,
a Foreign Profit Corporation,
GERDAU AMERISTEEL US INC.,
a Foreign Profit Corporation,

      Defendants.
_____/
**COURTNEY E. MORGAN, JR. (P29137)**
**BRIAN T. KECK (P77668)**
LAW OFFICES OF COURTNEY MORGAN, PLLC
Attorneys for Plaintiffs
3200 Greenfield, Suite 355
Dearborn, MI 48120
(313) 395-2568/(313) 395-3933 FAX
cmorgan@courtneymoganlaw.com
bkeck@courtneymorganlaw.com
_____/

## DEMAND FOR JURY TRIAL

      NOW COMES Plaintiff DAVID POLING, by and through his attorneys LAW

OFFICES OF COURTNEY MORGAN, PLLC, and hereby demands a jury trial in

the above cause of action.

Respectfully submitted,

LAW OFFICES OF COURTNEY
MORGAN PLLC

BY:   /s/ Brian T. Keck
COURTNEY E. MORGAN, JR. (P29137)
BRIAN T. KECK (P77668)
Attorneys for Plaintiff
3200 Greenfield, Suite 355
Dearborn, MI 48120-1802
(313) 395-2568

DATED:  March 12, 2021